Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

|  |  |
|---|---|
| **Arthur Cathcart, III;**<br><br>Plaintiff,<br><br>v.<br><br>**Midland Credit Management, Inc.;** and<br>**Bursey & Associates, P.C.;**<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

**I.  Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter "FDCPA").  In the course of attempting

to collect a debt allegedly owed by Plaintiff, Defendants engaged in a campaign of deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money,

property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. Jurisdiction

8. Jurisdiction of the Court over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### IV. Parties

9. Plaintiff is an individual residing in Maricopa

County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
12. Defendant Midland Credit Management, Inc. ("Midland") is a Kansas corporation doing business within the State of Arizona.
13. Midland regularly collects or attempts to collect debts owed or asserted to be owed or due another.
14. In the alternative, Midland regularly collects or attempts to collect debts which it has purchased after default.
15. Midland is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905285.
16. Midland is a "debt collector" as that term is defined by FDCPA § 1692a(6).
17. Defendant Bursey & Associates, P.C. ("Bursey") is an Arizona professional corporation registered and doing business in the State of Arizona as a law firm.
18. Bursey regularly collects or attempts to collect debts owed or asserted to be owed or due another.
19. Bursey is a "debt collector" as defined by FDCPA

§1692a(6).

20. At all times relevant herein, Bursey was acting on behalf of and as an agent for Midland.

### V.   Factual Allegations

21. Plaintiff opened a credit card account through HSBC Bank which was used for personal, family, and household purposes.
22. In or about October 2002, Plaintiff disputed various charges made to his HSBC account.
23. As a compromise to settle the undisputed charges, Plaintiff paid HSBC $300.00 on October 31, 2002.
24. Plaintiff made no further payments to HSBC on the account.
25. If there was balance owing on the HSBC account, which Plaintiff disputes, then the account would have become delinquent no later than November 2002.
26. Plaintiff was scheduled to be deployed to Iraq in September 2004, and was instructed to settle all business matters before deployment.
27. Plaintiff contacted all his creditors in September 2004, including HSBC, and HSBC stated that the account was closed and did not indicate that there was any balance owed or due on the account.
28. Upon information and belief, subsequent to making his last payment on the HSBC account on October 31,

1       2002, HSBC sold the alleged debt to Atlantic Credit.
2   29. Upon information and belief, Midland Funding, LLC
3       later acquired the alleged HSBC debt.
4   30. Upon information and belief, Midland Funding, LLC
5       subsequently sold the alleged HSBC debt to Defendant
6       Midland.
7   31. In or about April 2009, Midland assigned the alleged
8       HSBC debt to Bursey for collection purposes.
9   32. Bursey sent an initial letter to Plaintiff dated
10      April 20, 2009 concerning the Midland debt.  A copy
11      of the letter is attached hereto as Exhibit A.
12  33. Exhibit A was the first communication from Bursey to
13      Plaintiff concerning the HSBC debt.
14  34. In its initial letter to Plaintiff, Bursey does not
15      identify the origin of the debt, or identify the
16      debt by a HSBC account number.
17  35. Bursey represents in Exhibit A that the amount owed
18      to Midland is $11,217.67 including interest through
19      April 20, 2009.
20  36. After receiving Exhibit A, Plaintiff sent a letter
21      to Bursey on May 16, 2009 disputing the alleged debt
22      and requesting verification of the debt, and
23      identification of the original creditor.
24  37. Bursey sent Plaintiff a second letter dated May 26,
25      2009.  A copy of this letter is attached hereto as

1    Exhibit B.
2  38. Bursey identifies in Exhibit B that the original
3      creditor was Household Bank.
4  39. Bursey states in Exhibit B, that the letter is
5      regarding a matter with the "Maricopa County Justice
6      Court."
7  40. When Plaintiff received Exhibit B, and because of
8      the reference to the "Maricopa County Justice
9      Court," he believed that he had been sued on the
10     HSBC debt.
11 41. Bursey also states in Exhibit B that "I have
12     verified that the amount of this debt is currently
13     $11,290.36.  This amount includes the outstanding
14     principal balance of $7,369.42, plus accruing
15     interest from the date of default January 31, 2004
16     at the rate of ten and 0/100 per year. Please find
17     enclosed documentation from my client regarding this
18     debt . . . ."
19 42. The only documentation attached to Exhibit B is the
20     Affidavit of Judy Richter, a "Specialist and [ ]
21     custodian of records for Midland Credit Management,
22     Inc."  A copy of the Affidavit of Judy Richter is
23     attached hereto as Exhibit C.
24 43. Ms. Richter states in her affidavit, and under
25     penalty of perjury on behalf of Midland, that "The

1   account shows that the defendant(s) owed a balance
2   of $7369.42 as of 2009-04-20."
3   44. Exhibit C is the first communication from Midland to
4   Plaintiff concerning the HSBC account.
5   45. On June 5, 2009 Plaintiff sent a letter directly to
6   Midland requesting verification of the alleged debt
7   it was attempting to collect.
8   46. The June 5, 2009 letter was sent to Midland at the
9   address provided by Arizona Department of Financial
10  Institutions, but was subsequently returned as
11  undeliverable.
12  47. Plaintiff sent a second letter on June 13, 2009 to
13  Midland to the Phoenix, Arizona address and also to
14  Midland's address in San Diego, California.  A copy
15  of this letter is attached hereto as Exhibit E.
16  48. Plaintiff requested in his letter to Midland,
17  pursuant to Arizona Administrative Code Section R-
18  20-4-1514, which all collection agencies licensed in
19  Arizona are subject to, that Midland provide "copies
20  of all documents in your 'books and records
21  concerning the debtor or the debt.'"
22  49. Plaintiff also requested in his letter to Midland,
23  pursuant to Arizona Administrative Code Section R-4-
24  1521, "copies of all evidence of the debt."
25  50. Plaintiff has not received any response from Midland

1     to Plaintiff's request for documentation or
2     verification concerning the HSBC debt.
3  51. On May 28, 2009, Plaintiff telephoned Bursey's
4     office and spoke with a collector named "Barbara
5     Barnett."
6  52. Plaintiff and his fiancé asked Barnett for
7     information concerning the HSBC debt, but was told
8     that "we are not going through this, you can request
9     that in the law suit. . ." and "when the law suit is
10    filed you can request that."
11 53. On June 3, 2009, Plaintiff called Midland and asked
12    that Midland provide information concerning the
13    alleged debt.
14 54. Midland refused to give Plaintiff any information,
15    and said that he needed to contact Bursey's office.
16 55. Plaintiff then telephoned Bursey and spoke with a
17    collector.
18 56. During this conversation, the collector stated that
19    Bursey will proceed with a lawsuit, and when asked
20    whether a suit had been filed, stated "definitely."
21 57. The collector also stated that the date of contract
22    was March 30, 2000, and that default occurred on
23    January 31, 2004.
24 58. When the 2004 default date was disputed, the
25    collector stated that "they probably carried in that

1  long before they closed it out."
2  59. The collector also stated that any disputes
3  concerning the date the account defaulted would have
4  to be made to HSBC.
5  60. The collector also stated that "I'm not going to
6  argue with you like my co-worker did Friday. It is
7  a lawsuit, we are seeking judgment. At that time we
8  will find your employer and send it to garnishment."
9  61. At the time Defendants threatened to file a lawsuit,
10  the debt was stale and beyond the applicable statute
11  of limitations.
12  62. As a result of Defendants' actions as outlined
13  above, Plaintiff has suffered actual damages
14  including, but not limited to, out of pocket
15  expenses, loss of credit opportunity, embarrassment,
16  humiliation, anger, and other emotional distress.
17  63. Defendants' actions as outlined above were
18  intentional, willful, and in gross or reckless
19  disregard of Plaintiff's rights and part of their
20  persistent and routine practice of debt collection.
21  64. In the alternative, Defendants' actions were
22  negligent.

### VI. Causes of Action

#### a. Fair Debt Collection Practices Act

25  65. Plaintiff repeats, realleges, and incorporates by

1   reference the foregoing paragraphs.
2  66. Defendants' violations of the FDCPA include, but are
3      not necessarily limited to, 15 U.S.C. §§ 1692e,
4      1692e(2)(A), 1692e(4), 1692e(5), 1692e(10),
5      1692f(1), and 1692g.
6  67. As a direct result and proximate cause of
7      Defendants' actions in violation of the FDCPA,
8      Plaintiff has suffered actual damages.

### VII.  Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

### VIII.  Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Statutory damages of $1,000 per Defendant, pursuant to §1692k;

b) Actual damages in an amount to be determined by trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

```
 1
 2        DATED    July 10, 2009   .
 3
 4                                 s/ Floyd W. Bybee
                                  Floyd W. Bybee, #012651
 5                                **BYBEE LAW CENTER, PLC**
                                  4445 E. Holmes Avenue
 6                                Suite 107
                                  Mesa, AZ 85206-3398
 7                                Office: (480) 756-8822
                                  Fax: (480) 302-4186
 8                                floyd@bybeelaw.com
 9                                Attorney for Plaintiff
```